**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| JEREMY J.D.[1], | Case No. CV 19-1899-AS |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

For the reasons discussed below, IT IS HEREBY ORDERED that, pursuant to Sentence Four of 42 U.S.C. § 405(g), the Commissioner's decision is affirmed.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**PROCEEDINGS**

On October 3, 2019, Plaintiff filed a Complaint seeking review of the denial of his application for supplemental security income ("SSI") by the Commissioner of Social Security ("Commissioner" or "Agency"). (Dkt. No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11, 12, 13). On February 26, 2020, Defendant filed an Answer along with the Administrative Record ("AR"). (Dkt. Nos. 15, 16). The parties filed a Joint Stipulation ("Joint Stip.") on July 16, 2020, setting forth their respective positions regarding Plaintiff's claims. (Dkt. No. 20).

The Court has taken this matter under submission without oral argument. See C.D. Cal. C. R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On August 18, 2015, Plaintiff filed an application for SSI, alleging a disability onset date of November 18, 2014. (AR 174). The Commissioner denied Plaintiff's application initially and on reconsideration. (AR 102-116). On August 10, 2018, Plaintiff, represented by counsel, testified at a hearing before Administrative Law Judge ("ALJ") Joel Tracy. (AR 35-67). The ALJ also heard testimony from Gregory S. Jones, a vocational expert ("VE"). (AR 62-65). On September 4, 2018, the ALJ issued a decision denying Plaintiff's application. (AR 15-28).

Applying the five-step sequential process, the ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since August 21, 2015, the application date. (AR 17). At step two, the ALJ found that Plaintiff had the following severe impairments: major depressive disorder, recurrent and moderate; borderline intellectual functioning disorder; panic disorder; learning disorder; bilateral flat feet; diabetic neuropathy; diabetes, Type 2; and obesity.[2] Id. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listings enumerated in the regulations.[3] (AR 18-20).

The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[4] and concluded that he has the capacity to perform less

---

[2] The ALJ found Plaintiff's hypertension, hyperlipidemia, and arthritis of the lower back and left knee to be slight abnormalities that did not affect Plaintiff more than minimally and are therefore nonsevere. (AR 17). The ALJ also found that Plaintiff's alleged intellectual disorder was not supported by evidence and is therefore not a medically determinable impairment. (AR 18).

[3] Specifically, the ALJ considered whether Plaintiff meets the criteria of Listing 12.04 (depressive and bipolar related disorders), 12.05 (intellectual disorder), 12.06 (anxiety and obsessive-compulsive disorders), and 12.11 (neurodevelopmental disorders). (AR 18-20). Although obesity and diabetes mellitus are not listed impairments, the ALJ also considered their effects singly or in combination with other impairments. (AR 18).

[4] A Residual Functional Capacity ("RFC") is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

than the full range of medium work, as defined in 20 C.F.R. § 416.967(c).[5] (AR 20). Specifically, the ALJ found that:

> [Plaintiff] is capable of . . . lifting and/or carrying 50 pounds occasionally and 25 pounds frequently; sitting for six hours, each, out of an eight-hour workday; standing and/or walking for up to four hours out of an eight-hour workday, with normal breaks; frequent pushing and pulling with the bilateral upper extremities and bilateral lower extremities; frequent handling and fingering, bilaterally; occasionally balancing, stooping, crouching, kneeling, and crawling; occasionally climbing ramps and stairs but never climbing ladders, ropes, and scaffolds, working at unprotected heights or around dangerous machinery with unprotected moving parts; remembering and carrying out simple instructions and making simple work related decisions; sustaining an ordinary routine without special supervision; tolerating occasional interactions with coworkers and supervisors and no interactions with the public; and tolerating occasional changes in work setting.

(AR 20-21).

---

[5] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

At step four, the ALJ found that Plaintiff does not have any past relevant work. (AR 26). Based on Plaintiff's RFC, age, education, work experience, and the VE's testimony, the ALJ determined at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including electronics worker, bench assembler, and production assembler. (AR 26-27). Accordingly, the ALJ found that Plaintiff has not been under a disability, as defined in the Social Security Act, from August 21, 2015, the application date, through September 4, 2018, the date of the ALJ's decision. (AR 27).

On August 14, 2019, the Appeals Council denied Plaintiff's request for review. (AR 1-6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result,

"[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

Plaintiff's sole claim is that, at step five, the ALJ improperly relied on the VE's testimony in finding that Plaintiff could perform alternative work, without resolving an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (Joint Stip. at 4-10, 13-15). After consideration of the parties' arguments and the record as a whole, the Court finds that the ALJ did not err.

**A. Legal Standard for ALJ's Assessment at Step Five**

At step five of the sequential evaluation process, "the Commissioner has the burden to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform despite his identified limitations." Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (citation omitted). In making this finding, the ALJ determines "whether, given the claimant's RFC, age, education, and work experience, he actually can find some work in the national economy." Id. at 846 (citation omitted); see also 20 C.F.R. § 404.1520(g) (stating that "we will consider [your RFC] together with your vocational factors (your age, education, and work experience) to determine if you can make an adjustment to

other work"). The Commissioner may meet this burden by adopting the testimony of a VE or by reference to the Grids. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). "In making this determination, the ALJ relies on the DOT, which is the [Agency's] 'primary source of reliable job information' regarding jobs that exist in the national economy." Zavalin, 778 F.3d at 845-46 (citing Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990)); see 20 C.F.R. § 404.1566(d)(1) (noting that the Agency "will take administrative notice of reliable job information available from various governmental and other publications," including the DOT); SSR 00-4p, at *2 ("In making disability determinations, [the Agency relies] primarily on the DOT . . . for information about the requirements of work in the national economy.").

The VE's occupational testimony should be consistent with the DOT. SSR 00-4p, at *2. "When a VE . . . provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the DOT." Id. at *4. "For a difference between [the VE's] testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent." Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016).

When there is an apparent conflict between the VE's testimony and the DOT, "[n]either the DOT nor the VE . . . evidence automatically 'trumps.'" SSR 00-4p, at *2. In such a situation, the Commissioner has an affirmative duty to resolve the conflict –

-- for example, by eliciting a reasonable explanation from the VE -- before relying on the affected portion of the VE's testimony in support of a disability determination. Id.; see Zavalin, 778 F.3d at 846; Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007). "The ALJ's failure to resolve an apparent inconsistency may leave [the court] with a gap in the record that precludes [the court] from determining whether the ALJ's decision is supported by substantial evidence." Zavalin, 778 F.3d at 846.

**B.  The ALJ's Step Five Determination was Supported by Substantial Evidence**

At the administrative hearing, the ALJ presented a hypothetical to the VE based on the ALJ's ultimate RFC assessment, including the limitation to standing/walking for up to four hours in an eight-hour workday. (AR 62-63). The VE testified that a hypothetical individual with that RFC could perform several jobs existing in significant numbers in the national economy — specifically, electronics worker (DOT 726.687-010), bench assembler (DOT 706.684-022), and production assembler (DOT 706.687-010), which are all light, unskilled positions.[6] (AR 64). The VE stated that his testimony was consistent with the DOT. (AR 65). The ALJ relied on this testimony in deciding that Plaintiff can perform alternative work at step five. (AR 27).

---

[6] The ALJ described the alternative jobs as medium, unskilled positions. (AR 27). In fact, the VE testified that the jobs were light, unskilled positions, which is also reflected in the DOT, as discussed below. (AR 64).

Here, Plaintiff contends an apparent conflict exists between the DOT and the VE's testimony. (Joint Stip. at 7-8). The alternative jobs identified by the VE are categorized in the DOT as light work. See DOT 726.687-010 (electronics worker); DOT 706.684-022 (bench assembler); DOT 706.687-010 (production assembler). Plaintiff points out that, under Social Security Ruling 83-10, the full range of light work requires standing or walking for a total of approximately six hours out of an eight-hour workday. SSR 83-10, at *6. The RFC, however, limits Plaintiff to only standing/walking for up to four hours out of an eight-hour workday. (AR 20). Because the Social Security Rulings indicate that the standing/walking requirements for light work exceed the RFC's standing/walking limitations, Plaintiff contends he could not perform any of the light work identified by the VE, which the ALJ adopted without eliciting a reasonable explanation for the VE's deviation from the DOT.

However, as Defendant correctly points out, neither the Social Security Rulings nor the DOT indicate that light work always requires up to six hours of standing/walking. (Joint Stip. at 12). Specifically, Social Security Ruling 83-10 also finds that a job is in the light work category "when it involves sitting most of the time but with some pushing or pulling of arm-hand or leg-foot controls." SSR 83-10, at *5. And, significantly, the DOT categorizes a job as light work "(1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production

rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible." See DOT 726.687-010 (electronics worker); DOT 706.684-022 (bench assembler); DOT 706.687-010 (production assembler). There is nothing in the DOT descriptions for the alternative work identified by the VE and adopted by the ALJ that indicate the level of standing/walking required to perform the jobs. See id. Thus, the alternative jobs could be categorized as light work because of pushing and/or pulling requirements, not necessarily because of standing/walking requirements.

Because the DOT does not specify the standing/walking requirements of the alternative jobs, the Court cannot find that there is an obvious or apparent conflict between the DOT and the VE's testimony. See, e.g., Devore v. Comm'r of Soc. Sec., 2015 WL 3756328, *4 (E.D. Cal. June 16, 2015) ("the limitation of four hours standing/walking is not necessarily inconsistent with the 'light work' jobs identified by the DOT"); Lewis v. Berryhill, 2017 WL 3498625, at *5 (C.D. Cal. Aug. 15, 2017) ("there was no conflict" between a limitation to standing/walking for up to four hours and the DOT description for the light jobs of electronics worker and bench assembler); Saiz v. Astrue, 2012 WL 1155946, at *4 (C.D. Cal. Apr. 6, 2012) ("not all light work jobs require standing or walking" for six hours out of an eight-hour workday, and therefore there was no conflict between an RFC precluding a plaintiff from standing for more than four hours and the light work of bench assembler). As such, the ALJ reasonably adopted the VE's testimony in finding that Plaintiff could perform alternative work.

Accordingly, because substantial evidence supports the ALJ's finding at step five, no remand is required.

**CONCLUSION**

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 1, 2020

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

11